IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| Kenlissia Jones, individually, and as Next of Kin of Baby Boy Jones, and As Temporary Administrator of the Estate of Baby Boy Jones, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. Act. No.  1:17-cv-105 |
| Phoebe Putney Memorial Hospital, Inc, doing business at 417 W. 3rd Ave., Albany, GA., | ) ) ) ) | Complaint Damages Jury Trial Request |
| Dr. James Reed, | ) ) | |
| Joanna Bell, nurse, | ) ) | |
| Yolanda Fields, social worker, | ) ) | |
| Michael J. Persley, Chief of the Albany Police Department, individually and in his official capacity under color of law, | ) ) ) ) | |
| City of Albany, GA, | ) ) | |
| Chanita Salyer, individually under color of law as an Albany Police officer, | ) ) ) | |
| Lakesha Bryant, individually under color of law as an Albany Police officer, | ) ) ) | |
| John and/or Jane Doe Albany Police Department supervisors, whose names and number are not known, are sued under color of law, individually and and in their official capacities as supervisors | ) ) ) ) ) | |

1

| | |
|---|---|
| Jane Doe White Nurse, individually under color of law, | ) )  ) |
| Michelle Thomas, individually under color of law, | ) ) ) |
| Dexter Hawkins, individually under color of law as an Albany Police officer, | ) ) ) |
| Alonzo Ingram, individually under color of law as an Albany Police supervisor, | ) ) ) |
| Carmelita Preston, individually under color of law as an Albany Police supervisor, | ) ) ) |
| Jere Parks, individually under color of law as an Albany Police officer, | ) ) ) |
| Tracey Hudson, individually under color of law as an Albany District Attorney Investigator, | ) ) ) ) |
| Brent Kiegler, individually under color of law as a Department of Family and Child Services (DFCS) employee, | ) ) ) ) |
| Kawaski Barnes, individually under color of law as an Albany Police Sargent, | ) ) ) |
| John and/or Jane Doe(s), individually under color of law as Albany Police Department Supervisors, | ) ) ) ) |
| Individually and joint, and for conspiracy with one another, | ) ) ) |
| Defendants. | ) ) |

FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, Kenlissia Jones, who hereby files her First Amended Complaint prior to the filing of answer by Defendants, and shows the Court the following:

1. Plaintiff incorporates her entire original complaint (doc. no. 1) filed June 6, 2017.

Parties

2. Defendant SANE Nurse Michelle Thomas is sued individually for causing one or deprivations of federal rights of Plaintiff Jones under color of law, and for being a joint or proximate cause of the unlawful seizure of Plaintiff's blood. Plaintiff believes that the Jane Doe White Nurse sued in the original complaint is Defendant Thomas.

3. Defendant City of Albany Police Department Officer Dexter L Hawkins is sued individually for causing and continuing an arrest and malicious prosecution of Plaintiff Kenlissia Jones.

4. Defendant Alonzo R Ingram is an Albany Police Department supervisor who is sued individually for causing and continuing an unlawful seizure and malicious prosecution of Plaintiff Kenlissia Jones.

5.      Defendant Albany Police Department supervisor Carmelita A Preston is sued individually for causing and continuing an unlawful seizure and malicious prosecution of Plaintiff Kenlissia Jones.

6.      Defendant Albany Police Department investigator Jere H Parks is sued individually for causing and continuing an unlawful seizure and malicious prosecution of Plaintiff Kenlissia Jones.

7.      Defendant Albany District Attorney Investigator Tracey Hudson is sued individually for causing and continuing an unlawful seizure and malicious prosecution of Plaintiff Kenlissia Jones.

8.      Defendant Department of Family and Child Services (DFCS) employee Brent Kiegler is sued individually for causing and continuing an unlawful seizure and malicious prosecution of Plaintiff Kenlissia Jones.

9.      Defendant Albany Police Department Sgt. Kawaski Barnes is sued individually for causing and continuing an unlawful seizure and malicious prosecution of Plaintiff Kenlissia Jones.

10.     Defendant Albany Police Department John and/or Jane Doe supervisors who ordered or caused the drawing of Plaintiff's blood without a warrant under conditions that did not show exigent circumstances.

11.     All Defendants listed in paragraph 2-10 were acting under color of state law.

12.     All Defendants are sued individually and jointly, and for acting in conspiracy with one another.

## FACTS

13.     City of Albany Police Department Dexter L Hawkins (no.1040611), who is listed as the "Case Officer" on an Albany Police Department report about Plaintiff's case, went to the Phoebe Putney hospital at approximately five pm on June 6, 2015, in reference to a deceased person, i.e. Baby Boy Jones, and made contact with DFCS Brett Kiegler and Yolonda Fields.

14.     Upon information and belief Officer Hawkins participated in restricting Plaintiff's freedom of movement from the Hospital room.  Officer Hawkins participated in directing Kenlissia Jones to leave her hospital room, ordering her to go to the police station, and Hawkins transported Kenlissia Jones to the police station.  Hawkins handcuffed Plaintiff as she left the hospital room.

15.     Defendant Alonzo R Ingram is an Albany Police Department supervisor listed on as such on one of the police department's reports on Kenlissia Jone's case.

16.     Defendant Albany Police Department supervisor Carmelita A Preston is listed as the supervisor who signed off on the police department's incident/investigation report for Plaintiff.  Defendant Preston was at the scene of the seizure of Plaintiff, i.e. at the Phoebe Putney Memorial Hospital on June 6 at

approximately 5pm through 8pm. Upon information and belief Defendant Preston participated in restricting Plaintiff's freedom of movement from the hospital.

17. Defendant Jere Parks was at the scene of the seizure of Plaintiff, i.e. at the Phoebe Putney Memorial Hospital on June 6 at approximately 5pm through 8pm. Upon information and belief Defendant Preston participated in restricting Plaintiff's freedom of movement from the hospital. Defendant Parks is listed on an Albany City Police Report as one of the investigators working on Plaintiff's case.

18. At the police station Defendant Nurse Michelle Thomas drew blood from Plaintiff on June 7, 2015, at approximately sixteen minutes after midnight, according a plausible interpretation of an Albany Police Department investigative report.

19. Defendant Albany District Attorney Investigator Tracey Hudson was at the scene of the seizure of Plaintiff, i.e. at the Phoebe Putney Memorial Hospital on June 6 at approximately 5pm through 8pm.

20. Defendant Department of Family and Child Services (DFCS) employee Brent Kiegler was called by Yolanda Fields on June 6, 2015, and relayed information about Plaintiff. Defendant Kiegler was at the scene of the seizure of Plaintiff, i.e. at the Phoebe Putney Memorial Hospital on June 6 at approximately 5pm through 8pm. Upon information and belief Defendant Kiegler participated in restricting Plaintiff's freedom of movement from the hospital. Defendant Kiegler

came into Plaintiff's hospital room at approximately 5pm on June 6 and began asking questions about the whereabouts of her two children as if she were about to be arrested. Plaintiff informed him that her son Qadan was with his grandmother and her son Kylan was with his natural father. Defendant Kiegler also accused her of trying to induce labor with the intention of killing the child. Defendant Kiegler participated in the first interview of Plaintiff at the police station on June 6, 2015 at 11:03pm through approximately midnight.

21. Defendant Sgt. Kawaski Barnes was at the scene of the seizure of Plaintiff, i.e. at the Phoebe Putney Memorial Hospital on June 6 at approximately 5pm through 8pm. Defendant Barnes participated in the second interview of Plaintiff at the police station and based on an investigative report it appears that Defendant Barnes, and Defendant Chanita Salyer, told Plaintiff that she was being charged with murder.

22. The Defendants who were at Phoebe Putney Hospital on June 6, 2015, at approximately five p.m., which included Defendants Hawkins, Preston, Parks, Hudson, Kiegler, Barnes and others, where the identity of the others is known by Defendants including Phoebe Putney related Defendants and their agents; were informed that Baby Boy Jones had died and that Hospital personnel, including Yolanda Fields, believed and stated to law enforcement officials that Plaintiff had intended to abort the baby and intended it to die.

23. Agents of Defendant Hospital, and Defendants Bell, Reed, and Fields who had violated Plaintiff's confidentiality and abandoned her request for medical help, had a self-interest in withholding evidence showing Plaintiff's true intent was to save the baby, and therefore these Defendants or others, with malice, made representations that withheld material evidence about Plaintiff's actions and the inaction and failures of Defendants Hospital, Bell, Reed, and Fields.

24. The Defendants who were at Phoebe Putney Hospital on June 6, 2015, at approximately five p.m., which included Defendants Hawkins, Preston, Parks, Hudson, Kiegler, Barnes and others, where the identity of the others is known by Defendants including Phoebe Putney related Defendants and their agents; ignored and refused to investigate readily available information, including asking questions to Plaintiff and Hospital employees who had seen her at her first trip to the hospital, showing; that Plaintiff intended to quicken her unborn child's path to life, that Plaintiff believed that her unborn child could be saved by medical attention at the Hospital, and that Plaintiff intended to secure that medical attention for her unborn child so that it would live.

25. Defendant law enforcement officers did not act reasonably under the circumstances as reasonable officers would not have arrested nor charged Plaintiff with malice murder without first taking the time to investigate.

26.     Upon information and belief the Defendants who caused the seizure and prosecution of Plaintiff for malice murder operated out of a religiously motivated, discriminatory animus directed at Plaintiff's association with what they perceived and portrayed as an abortion.

27.     The conspiratorial actions and refusals to act of Defendants are actionable under 42 U.S.C. 1985(3) due to their impermissible motives concerning Plaintiff's association with what they perceived to be an abortion, which can be protected activity.

28.     Upon information and belief the very intensive level of investigation and severity of charge that occurred with respect to Plaintiff, would not have and does not occur when a white person induces labor early resulting in a dead baby.

29.     Upon information and belief, a white woman in the circumstances of Plaintiff would not have been sent home from the Hospital, and because of informational asymmetry the facts of this claim require discovery.

## Count V: Fourth Amendment False Arrest

30.     Plaintiff adds Defendants Hawkins, Preston, Parks Hudson, Kiegler, and Barnes to her fifth count from her original complaint, which is a Fourth Amendment False Arrest claim.

### Count VI: Fourth Amendment Malicious Prosecution

31. Plaintiff adds Defendants Hawkins, Preston, Parks Hudson, Kiegler, Barnes, and Ingram to Plaintiff's sixth count from her original complaint, which is a Fourth Amendment malicious prosecution claim stemming from the unlawful seizure of Plaintiff's person and/or blood in conjunction with charging her with malice murder without probable cause and with malice.

### Count VII: Fourth and Fourteenth Amendment Seizing Blood

32. Plaintiff adds Defendants Nurse Michelle Thomas, Preston, Ingram, and John and Jane Doe Albany Police Department supervisors to her seventh count from her original complaint, which is a Fourth and Fourteenth Amendment claim of seizing Plaintiff's blood.

### Count VIII: State Law Wrongful Detention Claim

33. Plaintiff adds Defendants Hawkins, Preston, Parks Hudson, Kiegler, and Barnes to her eighth count from her original complaint claiming wrongful detention.

### Count IX: State Law Malicious Prosecution Claim

34. Plaintiff adds Defendants Hawkins, Preston, Parks Hudson, Kiegler, Barnes, and Ingram to Plaintiff's ninth count from her original complaint.

W H E R E F O R E, Plaintiff prays judgment against one or more Defendants, individually or jointly for the same judgment and relief that Plaintiff prayed for in her original complaint which she incorprates herein.

A JURY TRIAL IS HEREBY REQUESTED.

Respectfully submitted this the 7th day of June, 2017.

/s/ John P. Batson
John P. Batson
Ga. Bar No. 042150
Attorney for Plaintiff Jones

Prepared by:

John P. Batson
P. O. Box 3248
Augusta, GA 30914
Phone: 706-737-4040
FAX: 706-736-3391
Email: jpbatson@aol.com